IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION FILE |
| v. | NUMBER 1:14-cr-227-TCB-2 |
| DAVID LEE, et al., | |
| Defendants. | |

# O R D E R

This case comes before the Court on Magistrate Judge Vineyard's
Report, Recommendation, and Order (the "R&R") [88] and Lee's
objections thereto [96].

## I.    Background

### A.    Factual Overview

Lee is charged in two counts of a three-count indictment with
conspiring to infringe copyrights and to circumvent a technological
measure that controls access to copyrighted materials (count one) and
aiding and abetting criminal copyright infringement (count two). The
charges stem from alleged illegal distribution of copyrighted mobile

device software applications ("apps") via a website known as Applanet

between 2010 and 2012.

In November 2011, the FBI obtained search warrants pertaining

to two of Lee's Google e-mail ("Gmail") accounts—thebuzzer@gmail.com

and flyingbuzz@gmail.com—that were connected to Applanet.

Attachment A to each warrant essentially directed Google to disclose all

of the contents of the Gmail accounts, including their e-mail

communications, files, friends lists, subscriber information, and user

connection logs. Attachment B to each warrant identified a subset of the

disclosed information that would be subject to seizure by the

Government. Specifically, Attachment B designates evidence of

copyright infringement and the Gmail accounts' friends lists, subscriber

information, and user connection logs as the information that would be

subject to seizure.

FBI special agent Kevin Orkin executed the search warrants,

received the required production from Google, and was tasked with

reviewing it for relevancy to the Applanet investigation. At the

evidentiary hearing held in February 2015, Orkin testified to his

general practice in reviewing e-mail productions, but he did not explain with specificity how he reviewed the e-mail productions at issue in this case. What is clear is that Orkin did not review each and every one of the approximately 35,000 e-mails that were produced by Google. Instead, he "triag[ed] them for relevancy to the investigation" and organized into subfolders certain e-mails that were of particular "importance in the investigation." [66], pp.8-9, 21. Orkin conceded that Google's production included e-mails that were unrelated to the investigation, but he never segregated the irrelevant e-mails from the relevant ones, nor did he make a list identifying which e-mails were subject to seizure according to Attachment B of the warrants. *Id.*, p.23. Orkin provided the entire Google production to the prosecutors in this case, and the Government turned over the entire production to Lee during discovery.

Lee and his co-Defendants were indicted in June 2014. In July, the indictment was unsealed and the Department of Justice issued a press release about the case. *See* [53], pp.11-12. The press release identified Lee, his co-Defendants, and several other individuals who

3

faced similar charges by name and identified them as members of "piracy groups" who played "roles in the illegal distribution of copies of copyrighted Android mobile device applications." *Id.*, p.11. It featured quotes from DOJ officials and FBI agents characterizing Defendants' conduct as "criminal efforts to make money by ripping off the hard work and creativity of high-tech innovators," accusing them of being "aggressively engaged in and profiting from the theft of intellectual property," and stating that Defendants were "now being held accountable for the intellectual property they stole." *Id.* After explaining in some detail the nature of the charges in the indictments, the press release stated that "[c]harges contained in an indictment are merely allegations, and the defendants are presumed innocent unless and until proven guilty beyond a reasonable doubt in a court of law." *Id.*, p.12.

## B.    The Report and Recommendation

Lee filed a motion [53] to require the Government to remove portions of the press release, arguing that it violates the DOJ's own regulations as well as this Court's local rules regarding the release of

4

information in criminal cases. Lee also moved to suppress the evidence seized pursuant to the search warrants [54].

In the R&R, Judge Vineyard denied the motion regarding the press release, finding that the statements in the press release do not run afoul of either the DOJ regulations or this Court's local rules. The R&R also recommends denying the motion to suppress evidence, finding that the warrants were sufficiently particular, were executed in a reasonable manner, and were not obtained in violation of *Franks v. Delaware*, 438 U.S. 154 (1978). Lee's objects to both aspects of the R&R.

## II.   Legal Standard on Review of a Magistrate Judge's R&R

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)).[1] Where a party objects to a recommendation in the R&R, a district judge "shall make a *de novo*

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing continuing validity of *Nettles*).

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990).

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the Court "must consider timely objections" to a magistrate judge's order on a nondispositive matter and must "modify or set aside any portion of the order that is clearly erroneous or is contrary to law." This standard of review is "extremely deferential." *Pigott v. Sanibel Dev., LLC*, No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008); *Dochniak v. Dominium Mgmt. Servs., Inc.*, 240 F.R.D. 451, 452 (D. Minn. 2006) (same). Those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

---

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings, but the Supreme Court has held that there is no reason for a district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). By

6

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C). The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's

_____

contrast, the standard of review on appeal distinguishes between factual findings and legal conclusions. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when magistrate judge's findings of fact are adopted by district court without objection, they are reviewed on appeal under plain-error standard, but questions of law remain subject to de novo review).

consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

## III.   Analysis

### A.   Motion to Remove Portions of the Press Release

As a nondispositive matter on which the magistrate judge issued an order, the R&R's disposition of the motion to remove portions of the press release may be set aside only if it is found to be "clearly erroneous or . . . contrary to law." FED. R. CIV. P. 72(a).

This Court's local rules prohibit the Government from issuing any statement in a press release concerning "the character or reputation of the accused" or expressing "[a]ny opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case." LCrR 57.1(A)(3)(a), (f), NDGa. The DOJ's guidelines governing the release of information relating to cases is set forth in 28 C.F.R. § 50.2. The guidelines recognize that there are "valid reasons for making available to the public information about the administration of the law," and they provide that any statements "should include only

incontrovertible, factual matters, and should not include subjective observations." Like the local rules of this Court, the DOJ guidelines provide that the Government "should refrain from" disclosing "[o]bservations about a defendant's character," making "[s]tatements concerning evidence or argument in the case," or expressing "[a]ny opinion as to the accused's guilt." 28 C.F.R. § 50.2(b)(6)(i), (v), (vi).

The R&R concluded that the press release at issue did not run afoul of either this Court's local rules or the DOJ's guidelines. Lee's objections take issue with this conclusion, but although the Court finds it to be a close question, Judge Vineyard's ruling has not been shown to be "clearly erroneous or . . . contrary to law." FED. R. CIV. P. 72(a); *see also McGuire v. Carrier Corp.*, No. 1:09-cv-315-WTL-JMS, 2010 WL 231099, at *1 (S.D. Ind. Jan. 13, 2010) (In reviewing a magistrate judge's order under Rule 72(a), "the district court may not reverse the magistrate judge's decision simply because the district court would have come to a different conclusion.").[3] Additionally, any concern that the

---

[3] Judge Vineyard also concluded that Lee lacked standing to enforce 28 C.F.R. § 50.2 because it does not create a private right of action. Certainly, that conclusion is sound insofar as it speaks to attempts to enforce § 50.2 in a separate

press release might have tainted the jury pool such that it could
influence the outcome of Lee's trial is mitigated by the fact that the
venire panel will be asked whether they have heard anything about the
case or have arrived at any preconceived notion about its outcome.
Thus, Lee will have the opportunity to question, and if necessary
challenge, any prospective juror who might have seen the press release.

Accordingly, the Court overrules Lee's objections to that aspect of
the R&R denying the motion to remove portions of the press release.

## B.    Motion to Suppress Evidence

The R&R's recommendation with respect to Lee's motion to
suppress is subject to de novo review in light of Lee's objections. 28
U.S.C. § 636(b)(1)(C). Having given fresh consideration to the

---

civil proceeding. *See Harris v. Holder*, 885 F. Supp. 2d 390, 401 (D.D.C. 2012);
*Hatfill v. Ashcroft*, 404 F. Supp. 2d 104, 121 (D.D.C. 2005). However, the law is
more unsettled on the question of whether a criminal defendant may enforce the
DOJ's regulations in connection with an ongoing criminal proceeding, as Lee seeks
to do here. *Compare United States v. Howard*, Criminal Action No. 12-1, 2014 WL
2429315, at *3 n.2 (E.D. La. May 29, 2014) (declining to reach the defendant's
argument because § 50.2 did not create a private right of action, citing *Hatfill*), *with
United States v. Corbin*, 620 F. Supp. 2d 400, 411-12 (E.D.N.Y. 2009) (entertaining
defendant's motion concerning alleged violations of § 50.2), *and United States v.
Mohamud*, Criminal No. 10-475-KI, 2011 WL 654964, at *5 (D. Or. Feb. 23, 2011)
(same). However, in the absence of a showing that § 50.2 was violated in this case,
the Court need not reach this issue and expresses no opinion on Lee's standing to
enforce 28 C.F.R. § 50.2.

arguments put forth by Lee and the Government, the Court finds Judge Vineyard's reasoning and recommendation sound.

The warrants at issue in this case are not general warrants prohibited by the Fourth Amendment. As Lee correctly points out, courts have reached different conclusions on similar fact patterns, and the Eleventh Circuit appears to have never reached the question. But in the Court's view, the weight of the authority supports the conclusion that a warrant that requires disclosure of the entire contents of an e-mail account and then describes a subset of that information that will be subject to seizure is reasonable. *Matter of Search of Info. Associated with [redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc.*, 13 F. Supp. 3d 157, 164 (D.D.C. 2014); *In the Matter of a Warrant for All Content and Other Information Associated with the Email Account xxxxxx@gmail.com Maintained at Premises Controlled by Google, Inc.*, 33 F. Supp. 3d 386 (S.D.N.Y. 2014) ("Notably, every case of which we are aware that has entertained a suppression motion relating to the search of an email account has upheld the Government's

11

ability to obtain the entire contents of the email account to determine which particular emails come within the search warrant.").

Lee argues that "there is no case, from this Circuit or any other, that permits what the Government has done (or failed to do) here," [96], p.24, referring to the Government having received all the information associated with Lee's e-mail accounts but having failed in the last three-plus years to complete its review and seizure of the e-mails. However, the fact that the Government's review of the information produced by Google has taken an extremely long time does not mean that the Government accessed the information for any reason other than to conduct a search for the information described in the warrant.

More importantly, it does not change the fact that the Government has not disregarded the terms of the warrants, which did not require that the review and seizure take place within any specified time frame. Lee is correct that the Government's review of electronic information obtained pursuant to a warrant is subject to a reasonableness requirement. But the fact that the Government cannot indefinitely retain Lee's e-mails "for use in future criminal

investigations" does not mean that it has acted unlawfully or unreasonably in retaining that information during the pendency of this case. *United States v. Ganias*, 755 F.3d 125, 137 (2d Cir. 2014); *see also United States v. Christie*, 717 F.3d 1156, 1167 (10th Cir. 2013) ("'[T]he general rule is that' lawfully seized property bearing evidence relevant to trial 'should be returned to its rightful owner once the criminal proceedings have terminated,' not before." (quoting *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212 (10th Cir. 2001)). Finally, for these same reasons, the Court finds no error in the R&R's conclusion that the warrants were not obtained in violation of *Franks*.

## IV.  Conclusion

For the foregoing reasons, the Court adopts the R&R [88] as the Order of this Court, overrules Lee's objections to the R&R [96], and denies Lee's motion to suppress [54].

IT IS SO ORDERED this 25th day of September, 2015.

_____
Timothy C. Batten, Sr.
United States District Judge

13